**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JON ASTOR-WHITE, an individual, | No. 19-55735 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-06326-PA-RAO |
| v. | |
| DANIEL WILLIAM STRONG, AKA Strong; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 21, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Jon Astor-White appeals from the district court's Rule 12(b)(6) dismissal of

his amended complaint for copyright infringement. Astor-White claims that the

defendants' (Fox) television series *Empire* infringed his copyrighted treatment of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

television series, *King Solomon*.  The parties are familiar with the facts, so we do not repeat them here.  We affirm.

A panel of our court previously held that Astor-White's First Amended Complaint did not state a claim for copyright infringement, but remanded the case to afford Astor-White opportunity to amend the complaint.  *See Astor-White v. Strong*, 733 F. App'x 407, 407–08 (9th Cir. 2018).  He was given two additional opportunities to amend the complaint, but the Third Amended Complaint still fails to plausibly allege that Fox actually "copied" and "unlawful[ly] appropriate[d]" *King Solomon*.  *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc).

Astor-White does not adequately allege actual copying.  *King Solomon* was not "widely disseminated"; it was shared with only three people.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *overruled on other grounds by Skidmore*, 952 F.3d 1051.  And Astor-White's mere allegation that those three people and he had a "working relationship" with or "move[ed] in similar circles" as Fox does not establish that Fox had a "reasonable opportunity or reasonable possibility of viewing" *King Solomon*.  *Id.* (internal quotation marks omitted).  Nor does Astor-White plead similarities that are probative of copying—rather than "coincidence, independent creation, or prior common source"—such that we could reasonably infer that Fox copied *King Solomon*.  *Skidmore*, 952 F.3d

2

at 1064 (quotation omitted).

Astor-White also fails to plausibly allege that Fox unlawfully appropriated *King Solomon* because the works do not share similarities in protectable expression. *See id.* The additional alleged similarities are forms of literary expression that are unprotectable as a matter of law. *See, e.g.*, *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) ("all situations and incidents which flow naturally from a basic plot premise"); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("[f]amiliar stock scenes and themes"). Nor does Astor-White allege similarity in the "*particular* way in which the artistic elements form a coherent pattern, synthesis, or design." *Skidmore*, 952 F.3d at 1074. The district court correctly concluded as part of the extrinsic test that the two works only share unprotectable "ideas and concepts, material in the public domain, and *scènes à faire*." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051. Astor-White does not state a viable claim for copyright infringement.

The district court did not abuse its discretion in refusing leave to amend. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (after "two opportunities to amend," the district court has "wide discretion in granting or refusing leave to amend" (internal quotation marks and citations omitted)).

**AFFIRMED.**

3